FILED
JUN - 5 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jermaine J. Dunlap, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Superior Court )<br>of the City of San Bernardino, )<br>)<br>Respondent. ) | Case: 1:15-cv-00837<br>Assigned To : Unassigned<br>Assign. Date : 6/5/2015<br>Description: Habeas Corpus/2255 (G) |

## MEMORANDUM OPINION

Petitioner is a California state prisoner who has submitted a form "Petition for Writ of Habeas Corpus," which is comprised of incoherent statements. "Similar to the plaintiff's prior actions, this action is difficult to comprehend." *Dunlap v. Dep't of Review Board*, No. 14-0145, 2014 WL 414156 (D.D.C. Jan. 30, 2014), citing *Dunlap v. Board of Prison Hearings*, No. 1:08-cv-1770, 2009 WL 1759651, at *3 (E.D. Cal. Jun. 22, 2009) (dismissing amended habeas petition presenting "the same incomprehensible allegations [stated] on three separate [prior] occasions"). Dismissal is warranted first because the named court is not the proper respondent to address the habeas petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439-42 (2004) (applying "immediate custodian rule"). Second, unlike the requirements for pleading a civil action, "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to him' and to 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (footnote

1

and internal alteration omitted). The lodged petition comes nowhere near satisfying the habeas pleading standard. A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: May //, 2015